*Prewitt, for appellant.*

*Darnaby, for appellees.*

---

J. T. ASHURST ET AL. *v.* JOSH. B. KINNEY ET AL.

**Appeal—Reversal.**

The Court of Appeals can not reverse a judgment of the circuit court for failure to do that which it was not asked to do.

APPEAL FROM SCOTT CIRCUIT COURT.

December 13, 1873.

Opinion by Judge Lindsay:

The appellant, J. T. Ashurst, does not deny that the house and lot in Georgetown was levied on and sold by the sheriff of Scott County, under and by virtue of the execution in favor of Oldham and Scott, and that said realty was bought at the sheriff's sale by the beneficial owner of the judgment, Joseph B. Kinney. The averment that the sale was irregular, and made without proper authority, and therefore void, was properly disregarded by the circuit court. No irregularities are pointed out, and there is nothing in the answer nor the proof supporting the legal conclusion that the sale was void. The cross-petition of Parish is not answered at all.

There is nothing in the case tending to show that appellants were entitled to have the house and lot set apart to them as a homestead. They asked for no such relief, and there is no averment in their pleadings authorizing the court to grant it. They do state that at the time of the levy and sale, and when this suit was instituted, the house was occupied by them as a family residence. They do not, however, state directly that they were bona fide housekeepers with a family, nor that the house and lot was the only suitable homestead owned by them.

In the absence of such averments, and upon the failure of both appellant and his wife to ask the protection of the chancellor, no other judgment than that appealed from could have been rendered.

This court cannot reverse the action of the circuit court for failing to do that which it was not asked to do. Judgment affirmed.

It is unnecessary to review the opinion in this cause. The question of appellants' right to a homestead out of the property sold, was not raised by the pleadings, nor settled by the court. It will be time enough when the court below, by proper pleadings, is asked to protect this right and improperly required to do so, to appeal to this court.

Petition overruled.

*Polk, for appellants.*

*Robinson, Adams, for appellees.*